UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No.: 1:21-CR-234-CJN |
| | : | |
| **JOSEPH WAYNE FISCHER,** | : | |
| Defendant | : | |

## MOTION TO CLARIFY AND MODIFY CONDITIONS OF RELEASE

Joseph Wayne Fischer, through his attorneys, respectfully requests that this Court clarify and modify his conditions of release. In support of this motion, counsel states the following.

1. By complaint filed February 17, 2021, Mr. Fischer was charged with obstructing law enforcement during civil disorder in violation of 18 U.S.C. § 231(a)(3); knowingly entering or remaining in any restricted building or grounds without lawful authority in violation of 18 U.S.C. § 1752(a)(1) and (a)(2); violent entry and disorderly conduct on Capitol grounds in violation of 40 U.S.C. § 5104(e)(2)(D) and (G); and obstruction of justice/Congress in violation of 18 U.S.C. § 1512(c)(2).

2. On February 19, 2021, Mr. Fischer was arrested and appeared before the Magistrate Judge in the Middle District of Pennsylvania.

3. On February 23, 2021, Mr. Fischer was released on the standard conditions and with the following numerous additional conditions: that he submit to supervision; continue or seek employment; surrender any passport; travel restricted to Middle District of Pennsylvania, Maryland, and D.C. for court related purposes; get medical or psychiatric treatment; that he not possess a firearm, destructive device, or other weapon; that he relinquish firearms; not use alcohol excessively; not use or possess a narcotic drug; submit to drug testing if required; home detention with location monitoring; report law enforcement contacts; not enter any federal government facility or grounds; and not use any social media. Moreover, he was placed in the custody of his wife. *See* (Doc. 6).

4. On February 25, 2021, Mr. Fischer appeared for his initial appearance before U.S. Magistrate Judge Robin M. Meriweather in the United States District Court for the District of Columbia.

5. Magistrate Judge Meriweather ordered Mr. Fischer released with substantially less additional conditions: that he submit by phone weekly to pretrial services of D.C.; that he notify pretrial in advance of any travel outside of the Middle District of Pennsylvania and that any travel outside the continental U.S. be approved by the Court; that he not possess a firearm, destructive device, or other weapon; that he stay away from D.C. except for Court, pretrial business, or to meet

with counsel; that he verify his address; and that he surrender any firearm, destructive device, or other weapon currently in his possession. *See* (Doc. 10).

    6. By indictment filed March 19, 2021, Mr. Fischer was charged with civil disorder in violation of 18 U.S.C. § 231(a)(3); assaulting, resisting, or impeding certain officers in violation of 18 U.S.C. § 111(a)(1), 2; obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2), 2; entering and remaining in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1); disorderly and disruptive conduct in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(2);  disorderly conduct in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(D); and parading, demonstrating, or picketing in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(G). *See* (Doc. 15).

    7. On April 6, 2021, Mr. Fischer appeared before this Honorable Court and entered a plea of not guilty to the indictment.

    8. Pretrial motions are due January 12, 2022.

    9. On June 17, 2021, Mr. Fischer's conditions of release were modified to allow him to travel to the Eastern District of Pennsylvania and Maryland without permission from pretrial services.

    10. Pretrial compliance reports were filed March 15, May 5, June 15, August 17, and October 25, 2021.  Mr. Fischer has not violated a single condition since being released.

11. Mr. Fischer has contacted undersigned counsel asking about some of his conditions of release. Specifically, Mr. Fischer has asked if he could attend his family hunting camp in Potter County, Pennsylvania, within the Middle District of Pennsylvania from November 26 to December 12, 2021, with his assurances that he will not be using or possessing any firearms. Less important, but in addition, he asked if there was any way he could hunt with a muzzleloader or a bow, neither of which are firearms.

12. Hunting in Pennsylvania is a long-standing tradition, and this year it begins November 27, 2021. Mr. Fischer's family owns the hunting camp and hunting deer and bear has been a family tradition for forty years. This year, the camp will be attended by his brothers, son, son-in-law, and for the first time, his grandson. The family hunts both deer and bear which will be processed for food. While there, they share family dinners and recreation aside from just hunting.

13. Undersigned counsel advised Mr. Fischer that she did not believe that his mere presence at the hunting camp was a violation of his pretrial conditions. The condition says that he cannot possess a firearm. However, counsel was concerned that a muzzleloader or bow could constitute "dangerous weapons." Counsel advised Mr. Fischer, out of an abundance of caution, to ask his pretrial services officer.

14. Both pretrial services and the government are taking the position that Mr. Fischer's mere presence at his hunting camp is a violation of the conditions of his pretrial release because he would be around others who possess firearms. Neither pretrial services nor the government can explain how the condition that he not "possess a firearm, destructive device, or other weapon," can be interpreted that broadly.

15. A criminal defendant's pretrial release is governed by Section 3142 of Title 18 of the United States Code. Pursuant to section 3142(c)(B), when a judicial officer releases a defendant on pretrial supervision conditions, those conditions must be "the least restrictive" conditions necessary to assure the defendant's presence at future court proceedings and to protect the safety of the community. *See* 18 U.S.C. § 3142(c)(B).

16. While undersigned counsel does not believe that Mr. Fischer would be in violation by simply going to hunting camp, counsel did not want to contradict pretrial services and the government. Therefore, Mr. Fischer is asking that: 1) he be permitted to attend his family hunting camp; and 2) he be permitted to use a muzzleloader or bow.[1]

---

[1] Mr. Fischer is mostly interested in just being able to attend hunting camp; if the Court decided not to allow him to use a muzzleloader or bow, that would be understandable.

## Conclusion

For the foregoing reasons and others that may appear to the Court, Mr. Fischer respectfully requests that his conditions of release be clarified and modified.

Respectfully submitted,

Date: November 2, 2021

*/s/ Lori J. Ulrich*
LORI J. ULRICH, ESQUIRE
Trial Chief
Asst. Federal Public Defender
Attorney ID PA55626
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-2237
Fax No. (717) 782-3881
lori_ulrich@fd.org

Eugene Ohm, Esquire
Federal Public Defender
625 Indiana Ave, NW
Suite 550
Washington D.C. 20004
Tel. No. (202) 208-7500
Fax No. (202) 501-3829
eugene_ohm@fd.org
*Attorney for Joseph Wayne Fischer*