**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **1:21-CR-234-CJN** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **JOSEPH W. FISCHER** | **:** | |

## DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO MARCH 15, 2022 COURT ORDER REGARDING COUNTS FOUR AND FIVE OF THE SUPERSEDING INDICTMENT

Defendant Joseph W. Fischer, by and through his attorneys, hereby respectfully submits this reply to the Government's Response to the Court's March 15, 2022 Order wherein the Court ordered the Government to "either amend the Superseding Indictment to allege that one of Vice President Pence's family members attended the certification of the electoral vote at the Capitol on January 6 or to explain to the Court why it will not do so."  ECF No. 65.  In its response, the Government elects not to alter the Superseding Indictment and continues to oppose Mr. Fischer's motion to dismiss.  In this reply, Mr. Fischer persists in his position that Vice President Pence was not "temporarily visiting" the Capitol on January 6 under 18 U.S.C. § 1752 and the Court should dismiss Counts Four and Five.

## I.     The Term "Temporarily Visiting" does not Encompass the Concept of "Going to Work"

Distilled to its essence, Mr. Fischer's position is that the term "temporarily visiting" does not include Vice President Pence's presence at the Capitol on January 6 because the Vice President was there to go to work – i.e. preside over the

1

Electoral College Certification. The Government, as well as four other judges in this District, disagree with Mr. Fischer's position. *See United States v. Puma*, 21-cr-454, 2022 WL 823079 (D.D.C. Mar. 19, 2022) (Friedman, J.); *United States v. Andries,* 21-cr-93, 2022 WL 768684 (D.D.C. Mar. 14, 2022) (Contreras, J.); *United States v. McHugh*, --- F.Supp.3d ---, 21-cr-453, 2022 WL 296304 (D.D.C. Feb. 1, 2022) (Bates, J.)); Minute Entry, *United States v. Griffin*, 21-cr-92 (D.D.C. Mar. 22, 2022) (McFadden, J.).

But if the Court adopts the Government's definition of "temporarily visiting," that means every day, each American who leaves his/her home and goes to work is "temporarily visiting" their place of work. The awkwardness of this concept in the context of our everyday vernacular cannot be overstated. Americans "go to work;" they do not "temporarily visit" their offices or places of work. To be sure, "work" is defined as "one's place of employment," *see* https://www.merriam-webster.com/dictionary/work, and Vice President Pence had an office (i.e. place of employment) in the Capitol. [1]

---

[1] The Government attaches to its response a "Head of State Worksheet" identifying Vice President Pence as a "visitor" to the Capitol on January 6. ECF No. 68. The Government implicitly acknowledges that the "Worksheet" has no import at the motion to dismiss juncture, inasmuch as it identifies the document as potential trial evidence, and consideration of the motion to dismiss is limited to the four corners of the Superseding Indictment. *See United States v. Hitt*, 249 F.3d 1010, 1016 (D.C. Cir. 2001). What, if any, evidentiary value the document might have is speculative since the "Worksheet" (which has not previously been supplied to Mr. Fischer) exists in a vacuum. In any event, Mr. Fischer submits that whether the Secret Service identifies Vice President Pence as a "visitor" on an internal worksheet has no bearing on the matter of statutory interpretation before the Court.

Mr. Fischer respectfully submits that the other judges of this District who have held otherwise have tortured the definitions of "temporarily" and "visiting" to fit the facts of January 6, rather than give these terms their ordinary meaning.  This Court should decline the invitation to do the same.

## II.    The Importance of 40 U.S.C. § 5104

The Government also argues that Mr. Fischer's interpretation of "temporarily visiting," would "leave an arbitrary gap in the application of the law." ECF. No. 67, p. 6. This is not so because Part B of Subtitle II of Title 40 of the United States Code (Public Buildings, Property and Works), contains several statutory subsections related specifically to conduct at the U.S. Capitol Complex. To wit, 40 U.S.C. § 5104 criminalizes a variety of conduct, should it take place on Capitol grounds, including disorderly conduct, 40 U.S.C. § 5104(e)(2)(D) and parading, demonstrating or picketing, 40 U.S.C. § 5104(e)(2)(G). In fact, Mr. Fischer and nearly all of the January 6 defendants are charged under these statutes. The conduct captured by §5104 and §1752 is largely the same, thus allaying any fear of the Government that a swath of criminal conduct will remain unpenalized if the Court does not find that Vice President Pence was "temporarily visiting" the Capitol on January 6.

### III.   CONCLUSION

Based on the foregoing arguments, as well as those included in his initial

brief and presented at oral argument before this Court on February 28, 2022, Mr.

Fischer respectfully requests that the Court grant his Motion to Dismiss as to

Counts Four and Five of the Superseding Indictment

Date:  April 6, 2022                               Respectfully submitted:

*/s/ Lori J. Ulrich*
LORI J. ULRICH, ESQUIRE
Assistant Federal Public Defender
*/s/ Amanda R. Gaynor*
AMANDA R. GAYNOR, ESQUIRE
Staff Attorney
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-2237
Fax No. (717) 782-3881
*lori_ulrich@fd.org*
*amanda_gaynor@fd.org*

*/s/ Eugene Ohm*
EUGENE OHM, ESQUIRE
Federal Public Defender
625 Indiana Avenue, NW
Washington, D.C. 20004
Tel. No. (202) 208-7500
*eugene_ohm@fd.org*

*Attorneys for Joseph W. Fischer*

# CERTIFICATE OF SERVICE

I, Lori J. Ulrich, Esquire, of the Federal Public Defender's Office, do hereby certify that I served a copy of the foregoing **Defendant's Reply Brief** via Electronic Case Filing, and/or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, and/or by hand delivery, addressed to the following:

Alexis Loeb, Esquire
Assistant United States Attorney
*Alexis.loeb@usdoj.gov*

JOSEPH W. FISCHER

Date:  April 6, 2022

*/s/ Lori J. Ulrich*
LORI J. ULRICH, ESQUIRE
Assistant Federal Public Defender
Attorney ID #55626
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-2237
Fax No. (717) 782-3881
*lori_ulrich@fd.org*
*Attorney for Joseph W. Fischer*