IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:21-CR-234-CJN |
| | : | |
| v. | : | |
| | : | |
| JOSEPH W. FISCHER | : | |

## DEFENDANT'S BRIEF IN OPPOSITION TO THE GOVERNMENT'S MOTION FOR RECONSIDERATION

Defendant Joseph W. Fischer, by and through his attorneys, hereby respectfully submits this brief in opposition to the Government's Motion for Reconsideration of the Court's Ruling Dismissing Count Three of the Indictment. ECF No. 72. Mr. Fischer submits that the Government's motion should be denied in its entirety.

I. **LEGAL STANDARD**

Although motions to reconsider interlocutory decisions are not specifically addressed by the Federal Rules of Criminal Procedure, judges in this District have applied the "as justice requires" standard supplied by Federal Rule of Civil Procedure 54(b). *See United States v. Caldwell*, No. 1:21-cr-28 (APM), 2022 WL 203456, at *1 (D.D.C. Jan. 24, 2022) (Mehta, J.) (citing *United States v. Hassanshahi*, 145 F. Supp. 3d 75, 80 (D.D.C. 2015) and *United States v. Hemingway*, 930 F. Supp. 2d 11, 12 (D.D.C. 2013)). "[A]sking what justice

requires amounts to determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances." *Id*. (citing *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005) (internal quotation marks omitted).

Circumstances warranting reconsideration include where the court "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Id*. (citing *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (internal quotations marks omitted). The moving party always bears the burden of demonstrating that reconsideration is warranted. *See Hassanshahi*, 145 F. Supp. 3d at 80.

## II.   *MILLER* AND *FISCHER* OPINIONS

On March 7, 2022, this Honorable Court granted a motion to dismiss in the matter of *United States v. Miller*, 1:21-cr-119, thereby dismissing the count of the indictment charging Mr. Miller with a violation of 18 U.S.C. § 1512(c)(2) for allegedly corruptly obstructing, influencing, or impeding an official proceeding. *See Miller,* ECF Nos. 72 and 73. Thereafter, on March 15, 2022 this Honorable Court considered Mr. Fischer's Motion to Dismiss Count Three, and likewise granted the motion, dismissing the 18 U.S.C. § 1512(c)(2) charge against Mr. Fischer without prejudice. *See* ECF Nos. 64 and 65.

In both *Miller* and *Fischer*, the Court held that "the word 'otherwise' links subsection [§1512] (c)(1) with subsection (c)(2) in that subsection (c)(2) is best read as a catchall for the prohibitions delineated in subsection (c)(1)." ECF. No. 64, slip op. at 7 (citing *Miller*, 1:21-cr-119, ECF No. 72, slip op. at 28). The Court explained that the word "otherwise" in §1512(c)(2) was "critical to determining what §1512(c)(2) covers," *Miller* slip op. at 11, and rejected the Government's suggestion that "otherwise" "serve[d] as a clean break between subsections (c)(1) and (c)(2)." *Id.* at 11-12. Thus, the Court concluded that "for a defendant's conduct to fall within the ambit of subsection (c)(2), the defendant must "have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding." *Fischer* slip op. at 8 (citing *Miller* slip op. at 28).

Turning to the Superseding Indictment, the Court noted that "[n]othing in Count Three (or the Superseding Indictment generally) alleges, let alone implies, that Fischer took some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence Congress's certification of the electoral vote." *Fischer* slip op. at 8. The Court therefore dismissed Count Three without prejudice.[1]  ECF No. 65.

---

[1] The Court also dismissed the §1512(c)(2) count against Mr. Miller without prejudice. As the Court is aware, the Government filed a nearly identical motion for reconsideration in *Miller,* which remains pending.

## III.   ARGUMENT

Justice does not require reconsideration here. The Government does not show that this Honorable Court patently misunderstood the issue presented, made a decision outside of the adversarial process or committed an error of misapprehension.  There is certainly no contention that there has been an intervening change in the law – in fact, it is penumbra of uncertainty that surrounded §1512(c)(2)'s scope that invited the numerous legal challenges to its use in the January 6 prosecutions.

Moreover, a motion for reconsideration is "not simply an opportunity to reargue facts and theories upon which a court has already ruled," *Hassanshahi*, 145 F. Supp. 3d at 80-81.  Nor is it appropriate for litigants "who have once battled for the court's decision . . . to battle for it again." *Arias v. DynCorp,* 856 F. Supp. 2d 46, 52 (D.D.C. 2012).  To wit, the Government already argued the inapplicability of the rule of lenity in its briefing on the motion to dismiss, *see Miller*, ECF No. 74 at 38, and the Court rejected this argument in its decision.  In the instant motion, the Government rehashes its rule of lenity argument at length.  *See* ECF No. 72 at 9-18.  But the Government does not get another bite at the apple simply because it is dissatisfied that the Court disagreed with it.  Justice does not so require.

Further, Mr. Fischer acknowledges that when this Honorable Court decided *Miller* and *Fischer*, ten other judges in this District had denied motions to dismiss

4

the felony charge brought under §1512(c)(2).[2]  However their reasons for doing so were varied and not entirely uniform.  The judges did not simply adopt each other's reasoning, but rather considered the individual motion before them, which led some opinions to explore arguments that others did not.  Simply because this Court came to a different conclusion than the others does not help the Government meet its exacting burden required to succeed on a motion for reconsideration.  Further and importantly, most of those judges did not squarely consider the reasoning upon which this Court's rulings rests.

Finally, and perhaps most importantly, the Court's dismissal of Count Three is without prejudice.  The Government candidly states that it "does not anticipate presenting evidence that Fischer envisioned placing or in fact placed hands on a document or record connected to the Certification proceeding," ECF No. 72 at 25, however it continues to believe that "the evidence will establish that Fischer violated §1512(c)(2) even under an interpretation . . . that requires some nexus to tangible evidence." *Id.* at 25 (quotation and citation omitted).  If the Government's position is that Mr. Fischer's conduct on January 6 falls within this Court's

---

[2] *See United States v. Grider*, 1:21-cr-22-CKK, ECF No. 78 (Feb. 9, 2022); *United States v. Caldwell,* 1:21-cr-28-APM, ECF No. 558 (Dec. 20, 2021); *United States v. Reffitt,* 1:21-cr-32-DLF, Minute Order (Dec. 11, 2021); *United States v. Robertson*, 1:21-cr-34-CRC, ECF No. 63 (Feb. 25, 2022); *United States v. Montgomery*, 1:21-cr-46-RDM, ECF No. 87 (Dec. 28, 2021); *United States v. Sandlin*, 1:21-cr-88-DLF, ECF No. 63 (Dec. 10, 2021); *United States v. Mostofsky*, 1:21-cr-138-JEB, ECF No. 88 (Dec. 21, 2021); *United States v. Nordean*, 1:21-cr-175-TJK, ECF No. 263 (Dec. 28, 2021); *United States v. Costianes*, 1:21-cr-180-RJL, Minute Order (Feb. 24, 2022); *United States v. Bozell*, 1:21-cr-216-JDB, ECF No. 41 (Feb. 16, 2022); *United States v. McHugh*, 1:21-cr-453-DJB, ECF No. 51 (Feb. 1, 2022).

construction of §1512(c)(2), this Court's March 15, 2022 Memorandum Opinion and Order does not prevent it from pursuing the matter further.

## IV.  CONCLUSION

Based on the foregoing arguments, Mr. Fischer respectfully requests that the Court deny the Government's Motion for Reconsideration of the Court's Ruling Dismissing Count Three of the Indictment.

Date:  April 29, 2022

Respectfully submitted:

/s/ Lori J. Ulrich
LORI J. ULRICH, ESQUIRE
Assistant Federal Public Defender
/s/ Amanda R. Gaynor
AMANDA R. GAYNOR, ESQUIRE
Staff Attorney
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-2237
Fax No. (717) 782-3881
lori_ulrich@fd.org
amanda_gaynor@fd.org

/s/ Eugene Ohm
EUGENE OHM, ESQUIRE
Federal Public Defender
625 Indiana Avenue, NW
Washington, D.C. 20004
Tel. No. (202) 208-7500
eugene_ohm@fd.org

*Attorneys for Joseph W. Fischer*

## CERTIFICATE OF SERVICE

I, Lori J. Ulrich, Esquire, of the Federal Public Defender's Office, do hereby certify that I served a copy of the foregoing **Defendant's Brief in Opposition to the Government's Motion for Reconsideration** via Electronic Case Filing, and/or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, and/or by hand delivery, addressed to the following:

Alexis Loeb, Esquire
Assistant United States Attorney
*Alexis.loeb@usdoj.gov*

JOSEPH W. FISCHER

Date:  April 29, 2022

*/s/ Lori J. Ulrich*
LORI J. ULRICH, ESQUIRE
Assistant Federal Public Defender
Attorney ID #55626
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-2237
Fax No. (717) 782-3881
lori_ulrich@fd.org
*Attorney for Joseph W. Fischer*