IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:21-CR-234-CJN |
| | : | |
| v. | : | |
| | : | |
| JOSEPH W. FISCHER | : | |

## MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE

Joseph W. Fischer, by and through his attorneys, requests that this Court modify his conditions of pretrial release. In support of this Motion, counsel presents the following:

## PROCEDURAL POSTURE OF CASE

1. Mr. Fischer is charged in a seven-count superseding indictment with, *inter alia*, civil disorder in violation of 18 U.S.C. § 231(a)(3) (Count One), assaulting, resisting and impeding certain officers in violation of 18 U.S.C. § 111(a)(1) (Count 2), obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2) (Count Three), entering and remaining in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1) (Count Four), and disorderly and disruptive conduct in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(2) (Count Five). All of the charges against Mr. Fischer arise out of the events that took place at the United States Capitol on January 6, 2021. ECF#52.

2. On March 15, 2022, this Honorable Court granted Mr. Fischer's Motion to Dismiss Count Three of the Indictment, ECF#64 and 65, and thereafter

denied the Government's Motion for Reconsideration of the Court's dismissal of Count Three.  Minute Order dated May 30, 2022.  The Government filed an interlocutory appeal to the United States Court of Appeals for the District of Columbia on June 22, 2022, Docket No. 22-3038.  ECF#84.

3. In a divided Opinion and Judgment dated April 7, 2023, the Court of Appeals reversed this Honorable Court's dismissal with respect to Count Three. ECF#88.

4. On June 13, 2023, the Court of Appeals granted Mr. Fischer's motion to stay the mandate pending a forthcoming petition for writ of certiorari.  Court of Appeals Docket #2003281.  The petition for writ of certiorari is due and will be filed by August 21, 2023.

## PRETRIAL RELEASE CONDITIONS

5. On February 25, 2021, Mr. Fischer appeared for his initial appearance before U.S. Magistrate Judge Robin M. Meriweather in the United States District Court for the District of Columbia. Magistrate Judge Meriweather ordered Mr. Fischer released with the following conditions: that he submit by phone weekly to pretrial services of D.C.; that he notify pretrial in advance of any travel outside of the Middle District of Pennsylvania and that any travel outside the continental U.S. be approved by the Court; that he not possess a firearm, destructive device, or other weapon; that he stay away from D.C. except for Court, pretrial business, or to meet with counsel; that he verify his address; and that he surrender any firearm, destructive device, or other weapon currently in his possession. ECF#10.  On June

17, 2021, Mr. Fischer's conditions of release were modified to allow him to travel to the Eastern District of Pennsylvania and Maryland without permission from pretrial services. *See* Minute Order, June 17, 2021.

6. Pretrial compliance reports were filed March 15, May 5, June 15, August 17, October 25, 2021, and February 28, 2022. Mr. Fischer has not violated a single condition since being released. Mr. Fischer has appeared for all scheduled court appearances.

7. In November of 2021, Mr. Fischer sought and was granted permission by this Honorable Court to attend his family's annual deer hunting camp in Pennsylvania and was granted permission to hunt with a muzzleloader and bow/arrow. ECF#47 and Minute Order dated November 8, 2021. Both the Government and the Probation Office opposed Mr. Fischer's request.

## CURRENT REQUEST FOR MODIFICATION

8. A criminal defendant's pretrial release is governed by Section 3142 of Title 18 of the United States Code. Pursuant to section 3142(c)(B), when a judicial officer releases a defendant on pretrial supervision conditions, those conditions must be "the least restrictive" conditions necessary to assure the defendant's presence at future court proceedings and to protect the safety of the community. *See* 18 U.S.C. § 3142(c)(B).

9. Mr. Fischer resides in a rural setting in south-central Pennsylvania. Mr. Fischer and his wife keep chickens on their property. Recently, a few of the Fischer chickens have been killed by a predatory animal(s) – most likely a raccoon.

3

Mr. Fischer respectfully requests that he be permitted to possess and use a firearm to scare off the animals that are killing his chickens. Permitting Mr. Fischer to engage in this limited use of a firearm will not impact the safety of the community. Alternatively, Mr. Fischer requests that he be permitted to possess and use a muzzleloader for this purpose.

10. The government does not concur in Mr. Fischer's request.

11. Recently in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* 142 S. Ct. 2111 (2022), the Supreme Court reaffirmed the contours an individual American's rights to possess a firearm under the Second Amendment. *Bruen* is clear – firearm restrictions are presumptively unlawful unless the government can "demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 2126.

12. Moreover, in the wake of *Bruen*, several district courts across the country have held that 18 U.S.C. § 922(n), which criminalizes receipt of a firearm by a person under felony indictment, is unconstitutional because it is inconsistent with the Nation's historical tradition of firearm regulation. *See United States v. Quiroz*, -- F. Supp. 3d – , 2022 WL 4352482 (W.D. Tx. 2022); *United States v. Stambaugh*, -- F. Supp. 3d --, 2022 WL 16936043 (W.D. Okla. 2022); *United States v. Hicks*, 2023 WL 164170 (W.D. Tx. Jan. 9, 2023).

13. Thus, while the current trend in Second Amendment jurisprudence supports a request by Mr. Fischer to be able to generally possess firearms while

under felony indictment, Mr. Fischer's request here is limited – to possess and use a firearm solely to protect the chickens on his property from animal predators.

## CONCLUSION

For the reasons set forth hereinabove, the defendant, Joseph W. Fischer, respectfully requests that this Honorable Court grant the foregoing motion to for modify conditions of pretrial release and permit him to possess and use a firearm or a muzzleloader to protect the chickens on his property from animal predators.

Date:  August 4, 2023                                  Respectfully submitted:

*/s/ Lori J. Ulrich*
LORI J. ULRICH, ESQUIRE
Assistant Federal Public Defender
*/s/ Amanda R. Gaynor*
AMANDA R. GAYNOR, ESQUIRE
Staff Attorney
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-2237
Fax No. (717) 782-3881
*lori_ulrich@fd.org*
*amanda_gaynor@fd.org*

*/s/ Eugene Ohm*
EUGENE OHM, ESQUIRE
Federal Public Defender
625 Indiana Avenue, NW
Washington, D.C. 20004
Tel. No. (202) 208-7500
*eugene_ohm@fd.org*

*Attorneys for Joseph W. Fischer*

## CERTIFICATE OF SERVICE

I, Lori J. Ulrich, Esquire, of the Federal Public Defender's Office, do hereby certify that I served a copy of the foregoing **Motion to Modify Conditions of Pretrial Release** via Electronic Case Filing, and/or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, and/or by hand delivery, addressed to the following:

    ALEXIS JANE LOEB, ESQUIRE
    Assistant United States Attorney
    a*lexis.loeb@usdoj.gov*

    JOSEPH W. FISCHER


Date:  August 4, 2023
        */s/ Lori J. Ulrich*
        LORI J. ULRICH, ESQUIRE
        Assistant Federal Public Defender
        Attorney ID #55626
        100 Chestnut Street, Suite 306
        Harrisburg, PA 17101
        Tel. No. (717) 782-2237
        Fax No. (717) 782-3881
        lori_ulrich@fd.org
        *Attorney for Joseph W. Fischer*