**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **1:21-CR-234-CJN** |
| | : | |
| **v.** | : | |
| | : | |
| **JOSEPH W. FISCHER,** | : | |

**DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF
MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE**

Joseph W. Fischer, by and through his attorneys, hereby submits this reply brief in further

support of his Motion to Modify Conditions of Pretrial Release.

**OVERVIEW**

The Government's histrionic opposition brief opens with an inflammatory and inaccurate

discussion of the events of January 6, 2021 vis-à-vis Mr. Fischer.  Mr. Fischer did not "attack"

anyone on January 6.  He was inside the Capitol for a total of four minutes.  He reached no

further than the outer lobby of the East Rotunda when he fell down among a surge in the crowd,

and in his struggle to get up, was pepper-sprayed, and then blindly found his way to the exit.

The surveillance video of Mr. Fischer's four minutes inside the building show that he carried no

weapon, assaulted no one, and was primarily concerned with filming the events unfolding in

front of him on his cellphone.

At every turn, the Government attempts to paint Mr. Fischer as a dangerous and

uncontrollable individual, which could not be farther from the truth.  Mr. Fischer fairly asks this

Court to do nothing more than what the law demands: to impose the least restrictive bond

condition necessary, and that is to carry a firearm or a muzzleloader on his property.

## **LEGAL STANDARD**

If a person is to be released under 18 U.S.C. § 3142, the statute presumes release on personal recognizance with no additional conditions except that the person (i) not commit another crime during the period of release and (ii) cooperate in the collection of a DNA sample. *See* § 3142(b). Additional conditions are authorized only if "the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." *Id.* If the judicial officer determines that additional conditions are needed for either of those reasons, then the judicial officer is to release the person on the condition that he: (i) not commit another crime during the period of release and cooperate in the collection of a DNA sample; and (ii) be "subject to the **least restrictive** further condition, or combination of conditions," needed to "reasonably assure the appearance of the person as required and the safety of any other person and the community." § 3142(c) (emphasis added). Subsection(c)(1)(B) then gives a non-exhaustive list of such potential conditions. *See* § 3142(c)(1)(B)(i)–(xiv). Among the conditions that courts may utilize, for example, are the condition that the defendant not possess a firearm. *See* § 3142(c)(1)(B)(viii). Though the statute is not entirely clear, the factors courts should consider in determining whether to release a person on personal recognizance or subject to additional conditions (and, if so, which ones) appear to be the same factors courts are to consider in determining whether, in a case where the government seeks detention, "there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." *See* § 3142(g). These factors include: "the nature and circumstances of the offense[s]" charged; "the weight of the evidence against the person;" "the person's history and characteristics;" and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id*. at (g)(1)-4).

## ARGUMENT

1.   ***The Government's Characterization of Mr. Fischer's Behavior is Hyperbolic***

The Government inaccurately attempts to paint Mr. Fischer as a menacing individual. While Mr. Fischer's behavior at his arrest may have been disruptive, it did not cause him to be detained.  Rather, Mr. Fischer has been released on pretrial supervision since February 23, 2021 – two and a half years.  In that time, he has been fully compliant with the conditions of his release, which the Government does not dispute. In consideration of his full compliance, Mr. Fischer requested, and this Court granted over the Government's objection, permission to attend his family's hunting camp in the fall of 2021 and to use a muzzleloader for that two-week period. *See* Minute Order dated Nov. 8, 2021.

Now the Government alleges that Mr. Fischer has appeared threatening on three occasions – November 2021,[1] January 2022, and March 2022.  (Doc. 91, pp. 6-7).  None of these events involved violence of any kind.  Nor were any of the events reported to the Court or counsel as concerning.  Once again, the Government resorts to hyperbole in its characterization of Mr. Fischer's behavior.

2.   ***Least Restrictive Condition or Combination of Conditions***

An appropriate application of §3142 results in subjecting a defendant to the least restrictive condition or combination of conditions required to assure the defendant's appearance and the safety of the community.  When fashioning conditions, it is appropriate for the court to consider the nature and circumstances of the offense charged, the weight of the evidence, the history and characteristics of the defendant and the nature and seriousness of the danger to any

---

[1] Defense counsel questions the appropriateness of the FBI case agent attending Mr. Fischer's Department of Labor hearing, which pertained to his firing after January 6 and subsequent litigation to retain his pension. To be clear, the agent was <u>not</u> a witness in the matter and had no reason to be there, other than to annoy or provoke Mr. Fischer.  And, the facts as related by the Government are in dispute.

person or the community that would be posed by the defendant's release.  *See* 18 U.S.C. § 3142(g)(1)-(4).

While the events of January 6 were gravely serious, Mr. Fischer's conduct on that day was brief and rather insignificant.  Prior to the events of January 6, Mr. Fischer was employed as a patrolman with the North Cornwall Township Police Department for over 18 years.  As a law enforcement officer, he carried a firearm on the job and also possessed firearms in the home.  He has extensive training with firearms safety.  Mr. Fischer has been fully compliant with his pretrial services conditions, and this Court has trusted him with a muzzleloader on a previous occasion.  He is not a flight risk, nor is he a suicide risk, as the Government callously intimates. (Doc. 91, pp. 9-10).  There is no indication that Mr. Fischer presents a danger to the community.

And, despite what the Government suggests, using a firearm or muzzleloader to scare off predators, like raccoons or foxes, is and has always been an appropriate and effective way to deal with the problem Mr. Fischer faces for his chickens.  Further, Mr. Fischer has implemented, without success, several of the suggestions uncovered by the Government in their research.  Mr. Fischer should be permitted to possess a firearm or muzzleloader on his own property. Moreover, the Court can narrowly draw the condition to eliminate any concerns of the Government.  Other judges in this District have done exactly that.

**3.    *Other January 6 Defendants Have Been Permitted to Possess Firearms While on Pretrial Supervision***

Mr. Fischer is not alone in his request to be permitted to possess a firearm at his home while on pretrial supervision pending trial in a January 6 matter.  This issue has been raised in

front of several other judges in this District.  And many judges have permitted January 6

defendants to possess firearms while on pretrial supervision, subject to limitations.[2]

In the case of *United States v. Charles Hand*, 1:22-CR-111-01 (JEB), the defendant

moved for possession of his shotgun due to the danger of wild animals around his home in rural

Georgia, citing his recent killing of a six-foot water moccasin with a shovel that approached him.

Over the Government's objection, the Court granted his motion to possess a shotgun, but

mandated it must be locked in storage and only used for defense against wild animals.

In the matter of *United States v. Couy Griffin*, 1:21-cr-92 (TNM), the Court granted the

defendant's request over the government's opposition, and modified the defendant's conditions

of release to allow him to possess firearms at his place of residence only.  Mr. Griffin was

prohibited from possessing firearms outside of his home. (Minute Entry dated April 7, 2021).

In *United States v. Tina Logsdon*, 1:22-cr-23-02 (TFH), Judge Hogan reversed a firearms

restriction placed on a January 6 defendant. In that case, defendant Tina Logsdon had been

charged with a family member, her spouse. Ms. Logsdon moved the District Court to lift the

firearms restriction that had been imposed at the initial hearing. The Government, after seeking

the firearms restriction at both the Rule 5 Hearing in Ohio and at the initial appearance in this

District, ultimately chose not to oppose lifting the firearms restriction, so long as Ms. Logston

would still be prohibited from possessing "other weapons or destructive devices." Ms. Logston

agreed to that. (ECF Docket #20, March 7, 2022). Judge Hogan granted Ms. Logsdon's request

to have the firearms restriction lifted. (Minute Order, March 9, 2022). Judge Hogan also added a

---

[2] The following list is not meant to be an exclusive list – these are the cases that defense counsel
has discovered while researching this motion.

condition that, when meeting with any U.S. Pretrial Services officers, Ms. Logsdon should not possess a firearm.[3]

Also, in *United States v. Loruhamah Yazdani-Isfehani, Case* No. 1:21-cr-543-03 (CRC), Judge Cooper granted relief to a defendant seeking to lift a firearms restriction imposed as a condition of bond. There, as here, Magistrate Judge Faruqui had issued the restriction the Government sought. Judge Cooper did not find the proffered rationale sufficient to ban one possessing firearms in one's home, although he did continue to limit the defendant's possession of firearms to possession within the defendant's home, rather than authorizing any carrying. A similar common-sense, limited restriction on Mr. Fischer's Second Amendment rights should be considered by this Court, as its statutory charge to impose only the "least restrictive" conditions necessary.

Lastly, in the matter of *United States v. Stephen Horn*, 1:21-301 (TJK), Judge Kelly lifted the previously imposed firearm restriction over the Government's objection. The prohibitions on possessing a "destructive device" or "other weapon" remained intact, and the defendant was required to inform pretrial services of the make and model of the firearm he planned to purchase or possess. Further, the defendant was prohibited from carrying the firearm on his person when meeting in-person with his pretrial services officer. (Minute Order dated Mar. 1, 2022).

Considering the foregoing orders by multiple judges in this District,[4] Mr. Fischer submits that he should be permitted to possess a firearm on his property.

---

[3] Per his conditions of release, Mr. Fischer reports to pretrial services weekly via telephone. (Doc. 10 at p. 2). Pretrial services does not visit him at his home, nor has he been required to report in person to pretrial services.

[4] Notably, following his indictment in this District, former President Donald Trump was released on personal recognizance, with no firearm restriction, notwithstanding that he is alleged to have "directed the crowd in front of him [on January 6] to go to the Capitol," and exhorted them that "we fight. We fight like hell. And if you don't fight like hell, you're not going to have a

## CONCLUSION

For the reasons set forth hereinabove, the defendant, Joseph W. Fischer, respectfully requests that this Honorable Court grant the foregoing motion to modify conditions of pretrial release and permit him to possess and use a firearm or a muzzleloader on his own property.

Date:   September 18, 2023                Respectfully submitted:

                                          /s/ Lori J. Ulrich
                                          LORI J. ULRICH, ESQUIRE
                                          Assistant Federal Public Defender
                                          /s/ Amanda R. Gaynor
                                          AMANDA R. GAYNOR, ESQUIRE
                                          Staff Attorney
                                          100 Chestnut Street, Suite 306
                                          Harrisburg, PA 17101
                                          Tel. No. (717) 782-2237
                                          Fax No. (717) 782-3881
                                          lori_ulrich@fd.org
                                          amanda_gaynor@fd.org

                                          /s/ Eugene Ohm
                                          EUGENE OHM, ESQUIRE
                                          Assistant Federal Public Defender
                                          625 Indiana Avenue, NW
                                          Washington, D.C. 20004
                                          Tel. No. (202) 208-7500
                                          eugene_ohm@fd.org

                                          Attorneys for Joseph W. Fischer

---

country anymore." *See United States v. Donald Trump*, 1:23-cr-257 (TSC) (Doc. 1 at p. 38 and 39, and Doc. 13).

## CERTIFICATE OF SERVICE

I, Lori J. Ulrich, Esquire, of the Federal Public Defender's Office, do hereby certify that I served a copy of the foregoing **Defendant's Reply Brief in Further Support of Motion to Modify Conditions of Pretrial Release** via Electronic Case Filing, and/or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, and/or by hand delivery, addressed to the following:

ALEXIS JANE LOEB, ESQUIRE
Assistant United States Attorney
a*lexis.loeb@usdoj.gov*

JOSEPH W. FISCHER

Date:  September 18, 2023

*/s/ Lori J. Ulrich*
LORI J. ULRICH, ESQUIRE
Assistant Federal Public Defender
Attorney ID #55626
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-2237
Fax No. (717) 782-3881
lori_ulrich@fd.org
*Attorney for Joseph W. Fischer*