UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

JOSEPH W. FISCHER,

    *Defendant*.

Criminal Action No. 1:21-cr-234 (CJN)

## SCHEDULING ORDER

Trial shall commence in this matter on **February 24, 2025**. Jury selection will begin that day at 9:00 AM in Courtroom 17. The following deadlines shall govern pretrial proceedings:

1. **<u>Before filing any motion, the Parties shall meet and confer to discuss whether any issues presented by the motion can be resolved by agreement of the Parties</u>**.

2. The Parties shall file any pretrial motions (excluding motions *in limine*) on or before **November 8, 2024**; oppositions shall be filed on or before **December 6, 2024**; and replies shall be filed on or before **December 20, 2025**.

3. The United States shall notify Defendant of its intention to introduce any Rule 404(b) evidence not already disclosed by **January 6, 2025**.

4. The Parties shall file motions *in limine* on or before **January 13, 2025**; oppositions shall be filed on or before **January 27, 2025**; and replies shall be filed on or before **February 3, 2025**.

1

5. The United States should endeavor to make grand jury and Jencks Act disclosures as to each witness it expects to call in its case-in-chief on or before **December 20, 2025**, and must make those disclosures no later than **February 14, 2025**. Any *Brady* material not already disclosed must be disclosed by **February 3, 2025**.

6. On or before **February 14, 2025**, counsel shall file a Joint Pretrial Statement that contains the following:

    a. <u>A neutral statement of the case.</u>  The Parties shall include a neutral statement of the case for the court to read to prospective jurors.

    b. <u>Proposed *voir dire* questions.</u>  The Parties shall indicate

        i. the *voir dire* questions that the parties agree to; and

        ii. the *voir dire* questions that the parties disagree on, with specific objections noted as to each disputed question.

    c. <u>Proposed jury instructions</u>.  The Parties shall submit a list of all standard jury instructions from the "Red Book" (Criminal Jury Instructions for D.C. (Barbara A. Bergman ed., May 2016 ed.)) that they wish to include in the final instructions.  The Parties need not submit the full text of any standard jury instruction but should provide the full text of (1) any modified standard jury instruction, with the proposed modification(s) redlined, and (2) any non-standard jury instruction they wish to have the court include.  As to each non-standard jury instruction, the sponsoring party should cite legal authority for the proposed instruction, and the non-sponsoring party should state any objection to the instruction, including any proposed modifications.  Proposed instructions may be

updated as needed to reflect the evidence presented at trial. Absent a showing of good cause, no other modifications will be permitted.

d. <u>Witness lists.</u> The Parties shall identify the witnesses that each side anticipates it may call in its case-in-chief, including any expert witnesses. The list shall be divided into three categories: witnesses who will be called to testify at trial, witnesses who may be called to testify at trial, and witnesses whose testimony a party will present by deposition or other prior testimony. As to the last category of witnesses, the party shall specify whether the presentation of testimony will be by transcript or video. Only upon leave of court and a showing of good cause will a party be permitted to withhold a witness's identity. The Court will read the list of witnesses to the jury during *voir dire*.

e. <u>Exhibit lists.</u> The Parties shall include a list of exhibits that each side anticipates it may introduce in its case-in-chief. The Parties need not list any exhibit that might be used solely for purposes of impeachment. The Parties should confer with Courtroom Deputy Courtney Moore about the format of the exhibit list. The Parties should not provide a copy of the exhibits to the Court but must exchange pre-marked exhibits. The Parties must be prepared to raise objections to any proposed exhibit at the Pretrial Conference.

f. <u>Stipulations.</u> The Parties shall submit a draft of all stipulations.

g. <u>Proposed verdict form</u>. The Parties shall include a draft verdict form, including any special interrogatories. The draft verdict form should

       include a date and signature line for the jury foreperson.

7. In addition, on **February 14, 2025**, the Parties shall transmit, in Word format, an electronic copy of the Joint Pretrial Statement by email to the Courtroom Deputy Ms. Courtney Moore at courtney_moore@dcd.uscourts.gov.

8. The Court will schedule hearings on any motions filed by the Parties as necessary.

9. Counsel shall appear on **February 19, 2025**, at 10:00 AM for an in-person pretrial conference in Courtroom 17.  The Defendant may appear for the pretrial conference in person or via video.

October 17, 2024

CARL J. NICHOLS  
United States District Judge